# State of Vermont v. Gary M. Wood

[498 A.2d 494]

No. 84-063

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed June 7, 1985

*Raymond G. Bolton,* Bennington County State's Attorney, and *Ralph H. Sheppard,* Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*David A. Howard,* Bennington County Public Defender, and *Katherine A. Hayes* (On the Brief), Bennington, for Defendant-Appellant.

**Hill, J.** The defendant, Gary M. Wood, appeals his conviction for driving to endanger, in violation of 23 V.S.A. § 1091(b), and attempting to elude a police officer in violation of 23 V.S.A. § 1133. We affirm.

The only issue presented in this appeal is whether the trial court erred in determining that the defendant could be tried again for the same crimes after a mistrial was declared at the defendant's request. The trial court decided that the applicable standard to be used in determining when a retrial is barred is the one used by federal courts. Under this standard, when a mistrial is declared at the defendant's request, a retrial is barred by the

Double Jeopardy Clause of the Fifth Amendment to the United States Constitution only in

> those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.

*Oregon* v. *Kennedy*, 456 U.S. 667, 679 (1982).

The defendant urges this Court to adopt a standard under state law which would bar retrial, not only when a prosecutor's conduct intentionally provokes the defendant into moving for a mistrial, but also when the court is "persuaded that egregious prosecutorial misconduct has rendered unmeaningful the defendant's choice to continue or to abort the proceeding." *Id.* at 689 (Stevens, J., concurring). In support of this argument, defendant notes that this Court has not been reluctant to find that individual protections under Vermont law are often separate and greater than protections under federal law. *State* v. *Badger*, 141 Vt. 430, 449, 450 A.2d 336, 347 (1982); *In re E.T.C.*, 141 Vt. 375, 378, 449 A.2d 937, 939 (1982). The defendant also points out that both Oregon and Arizona have each adopted its own standard to determine when retrial is barred based on protections offered by their respective constitutions.

In the instant case, the conduct giving rise to the successful motion for a mistrial was the State's witness, on cross-examination, making a reference to the defendant's association with an "outlaw motorcycle club." This reference was in violation of an order made pursuant to a motion in limine prohibiting the State's witnesses from discussing or mentioning allegations that the defendant belonged to a motorcycle gang. The court determined that this violation merited granting the defendant's request for a mistrial. Following a hearing on whether a retrial would be barred, the court made findings and determined that although the state's attorney failed to convey this order to the witness, such failure was not made with the intention of provoking a mistrial and ruled that a retrial was not barred.

After a careful review of the record we conclude that the prosecutor's conduct, in not relaying the order to the witness, was merely negligent. We conclude that a retrial would not be barred under either of the standards urged upon this Court, and therefore we do not adopt a Vermont standard at this time. The judg-

ment below is affirmed.

*Affirmed.*